UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISLAND ROOFING AND RESTORATION,
LLC, a/a/o Enclave at Naples Condominium
Association, Inc.,

        Plaintiff,

v.                                                 Case No:  2:21-cv-211-JLB-MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

        Defendant.

## ORDER

This is a Hurricane Irma insurance dispute. (Doc. 16.) Plaintiff Island Roofing and Restoration, LLC ("Island Roofing") is the assignee of post-loss benefits under a policy issued by Defendant Empire Indemnity Insurance Company ("Empire"). (Docs. 16-1, 16-2.) The parties disagree over the amount of loss and proceeded to appraisal. (Doc. 16 at 7, ¶¶ 23–24.) Although the appraisal panel issued an award, Empire has made no payments. (Id. at 7–8, ¶¶ 25, 27.) Island Roofing thus filed a petition for declaratory judgment and breach of contract. (Docs. 1, 16.) Specifically, Island Roofing seeks a declaration (Counts I and II) that the Policy requires Empire "to pay the Appraisal Award in full." (Doc. 16 at 1–2, ¶ 1.)[1] Count III alleges Empire breached the Policy because it "has failed to fully

---

[1] Count I seeks the Court's interpretation of the Policy's Replacement Cost Value provision. (Doc. 16 at 9–15.) Count II seeks the Court's interpretation of the Policy's appraisal provision. (Id. at 15–17.)

indemnify and pay Island Roofing all that is due and owing under the Policy." (Id. at 19, ¶ 53.)

Empire moves to dismiss Count II under Federal Rule of Civil Procedure 12(b)(6), essentially arguing that it is redundant of Count III. (See Doc. 17.)[2] Island Roofing responds that Counts II and III seek different forms of relief and that, alternatively, duplicity is not grounds for dismissal. (See Doc. 21.) Although the Court agrees with Empire that Count III appears to subsume Count II, and this alone may warrant dismissal, see Del Prado Mall Professional Condominium Ass'n, Inc. v. Voyage Indemnity Insurance Co., No. 2:20-cv-838-JLB-NPM, 2021 WL 1578758 (M.D. Fla. Apr. 22, 2021) (the undersigned granting a similar motion), the Court also finds that the specific procedural posture of this case warrants a denial of Empire's motion. "To be sure, declaratory relief may be awarded cumulatively to other relief which provides the same remedy." Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015) (citing Powell v. McCormack, 395 U.S. 486, 518 (1969)).

For example, Island Roofing argues that Count II requires the Court to determine whether "the reasons or defenses asserted by Empire . . . would enable Empire to continue to contest coverage for the subject claim." (Doc. 21 at 4.) The Court fails to see how it could resolve Island Roofing's breach of contract claim in

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

Count III—which alleges that Empire has failed to "pay Island Roofing all that is due and owing under the Policy" (Doc. 16 at 19)—without addressing those same reasons and defenses that Empire relies on to withhold payment under the Policy. Notably, though, the parties have already moved for summary judgment on the operative pleadings, with Island Roofing seeking to confirm the appraisal award as the amount of loss and Empire "contest[ing] any claim for payment of the Appraisal Award figure."  (Doc. 30; Doc. 37 at 11; Docs. 42, 43, 48.)

At bottom, dismissal of Count II as redundant will in no way materially alter the resolution of this dispute.  The Court must address Empire's reasons and defenses for withholding payment under the Policy and determine what, if any, amount Island Roofing is entitled to.  Considering the procedural posture of this case, the parties' arguments, and the lack of any prejudice to Empire, the Court will exercise its discretion in this specific instance and allow Island Roofing to pursue declaratory relief.  See generally Otwell v. Ala. Power Co., 747 F.3d 1275, 1280 (11th Cir. 2014) (noting that, while not obligatory, "[i]t is well established that district courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment"); see also Fed. R. Civ. P. 57.

Accordingly, Empire's motion to dismiss (Doc. 17) is **DENIED**.  And because the Court finds that a reply in support of that motion is unnecessary, Empire's pending motion for leave to file the same (Doc. 22) is also **DENIED**.[3]

---

[3] Empire seeks to address Island Roofing's characterization of Count II and present cases from the Middle and Southern Districts of Florida dismissing duplicative claims in the first-party insurance coverage context.  (See Doc. 22.)

**ORDERED** at Fort Myers, Florida, on February 11, 2022.

*[signature: John L. Badalamenti]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE