UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISLAND ROOFING AND RESTORATION LLC, a/a/o Enclave at Naples Condominium Association, Inc.,

      Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE COMPANY,

      Defendant,
_____/

Case No.: 2:21-cv-211-KCD-DNF

## ORDER

Before the Court is Defendant Empire Indemnity Insurance Company's Renewed Motion for Final Summary Judgment. (Doc. 117.)[1] Plaintiff Island Roofing & Restoration, as assignee of Enclave at Naples Condominium Association, Inc., has responded and itself asked for summary judgment under Fed. R. Civ. P. 56(f)(1). (Doc. 118.) For the reasons below, neither party is entitled to summary judgment at this stage.

## I. Background

Here are the relevant, undisputed facts. Enclave is a condominium association that "sustained significant damage" from Hurricane Irma. (Doc. 16

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

¶ 8.) "Specifically, nineteen (19) residential buildings, a clubhouse, a pavilion, six (6) carports, and twelve (12) garages suffered damage" from the hurricane. (*Id.*) Island Roofing was hired "to make all necessary repairs." (*Id.* ¶ 18.) "As part of the agreement," Enclave paid Island Roofing its $2.5 million deductible and "assigned Island Roofing all insurance rights, benefits, and proceeds" under its policy with Empire. (*Id.*; Doc. 117-2 at 1-2.) Empire confirmed the assignment and conceded coverage. (Doc. 117-5 ¶ 7.) Island Roofing eventually completed the repairs (Doc. 117-3 at 70), but the parties clashed over payment.

Empire adjusted the claim at $6,065,393.35, and paid Island Roofing $3,552,199.60 after applying the deductible. (Doc. 118 ¶ 6.) Island Roofing believes more is owed. So it has sued Empire for declaratory relief and breach of contract. Empire now moves for summary judgment on the breach-of-contract claim, and Island Roofing seeks the same relief in response.

## II. Legal Standard

Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Smothers v. Childers*, 159 F.4th 922, 930 (11th Cir. 2025). "When deciding a motion for summary judgment, a judge is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD, 2023 WL

8978168, at *1 (M.D. Fla. Dec. 28, 2023). A genuine issue exists if a reasonable jury could return a verdict for the nonmoving party. *See, e.g.*, *Martinez v. GEICO Cas. Ins. Co.*, 152 F.4th 1323, 1330 (11th Cir. 2025). "And a fact is material if it might affect the outcome of the suit under the governing law[.]" *Gervin v. Florence*, 139 F.4th 1236, 1245 (11th Cir. 2025).

The moving party "bears the initial burden to demonstrate the basis for its motion, and must identify portions of the record which it believes demonstrates the absence of a genuine issue of material fact." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018). "The movant may meet this burden by demonstrating the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id*. "The burden then shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012). In reviewing the evidence, the court draws all reasonable inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020).

### III. Discussion

As mentioned, payment is hotly disputed here. Empire insists that Island Roofing was made whole. While Island Roofing claims it has been shorted millions. Since the parties offer conflicting evidence, a genuine issue

3

remains as to breach and damages. Summary judgment is thus inappropriate for either party. The Court tackles Empire's motion first before addressing Island Roofing's request.

### a. Empire's Motion for Summary Judgment

Because we are here on diversity jurisdiction, Florida law applies to Island Roofing's breach-of-contract claim. *See, e.g.*, *Calderon v. Sixt Rent a Car, LLC*, 114 F.4th 1190, 1200 (11th Cir. 2024). So to avoid summary judgment, Island Roofing must show evidence as to (1) the contract's existence, (2) the breach of that contract, and (3) damages resulting from the breach. *See Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1217 (11th Cir. 2018). Empire does not deny there is a contract. It instead argues that Island Roofing cannot prove breach or damages. Empire's position hangs on two points.

The first is fanciful. *See Millard Gutter Co. v. Nationwide Ins.*, No. 8:18CV23, 2023 WL 4684834, at *13 (D. Neb. July 21, 2023). Empire emphasizes that the policy's replacement cost provision limits reimbursement to "[t]he amount actually spent that is necessary to repair or replace the lost of damaged property." (Doc. 117-1 at 42.). This, Empire argues, means that an assignee contractor is only entitled to its repair costs, and not profit, overhead, or anything of the like. That cannot be right.

4

The Florida Supreme Court has recognized that "overhead and profit are a necessary component of replacement costs." *Trinidad v. Fla. Peninsula Ins. Co.*, 121 So. 3d 433, 439 (Fla. 2013). When a repair is "reasonably likely to need a general contractor," replacement cost policies require insurers to pay the contractor's overhead and profit. *Id.*; *see also Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1305 (11th Cir. 2008) ("[A] contractor's overhead and profit charges are included within the cost to repair or replace."). And an assignment of insurance benefits gives the assignee "the same rights and status" the assignor had—no more, no less. *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1356 (S.D. Fla. 2009); *Akin Bay Co., LLC v. Von Kahle*, 180 So. 3d 1180, 1183 (Fla. Dist. Ct. App. 2015) ("An assignee is in no better or worse position than his assignor.").

Without an assignment, Enclave would have been owed the overhead and profit portion of Island Roofing's repair bill. *See Trinidad*, 121 So. 3d at 439. As Enclave's assignee, Island Roofing is equally entitled to that money. *See Wall St. Mortg. Bankers, Ltd. v. Attorneys' Title Ins. Fund, Inc.*, No. 08-21648-CIV, 2009 WL 10667840, at *3 (S.D. Fla. Sept. 9, 2009) ("[I]t is well-established that an assignment transfers to the assignee all the interests and rights of the assignor in and to the thing assigned."); *Shaw v. State Farm Fire & Cas. Co.*, 37 So. 3d 329, 333 (Fla. Dist. Ct. App. 2010) ("If the assignor is entitled to be paid, the assignee is entitled to be paid[.]"); *Foster v. Foster*, 703

So. 2d 1107, 1109 (Fla. Dist. Ct. App. 1997) ("The law is clear that an assignee of a mortgage has the same status and rights as if he or she had been named in the mortgage.").

Holding otherwise would completely contravene the concept of assignment. *See Moon v. Williams*, 135 So. 555, 557 (Fla. 1931) ("The effect of the assignment . . . is to place the assignee in the same status with respect to all rights and liabilities under it that the insured occupied before the transfer."). So Empire cannot dodge the breach-of-contract claim by simply paying out Island Roofing's direct costs. *See Millard Gutter Company*, 2023 WL 4684834, at *13 (concluding the amount "actually spent" under replacement cost policy was "determinable from [assignee contractor's] invoices to the named insureds," "not the amount actually spent by the insureds' contractor").

But even accepting Empire's position about limiting the damages, its motion would still fail. Enter point two. Empire argues that Island Roofing spent $5,861,484.44 repairing Enclave's roofs. And it insists that since Island Roofing received over $6 million for the job, there is no breach or damages. Not so.

The evidence of Island Roofing's expenses is unclear. To be sure, its corporate representative testified that the relevant receipts and invoices totaled $5,861,484.44. (Doc. 117-3 at 90.) But he also explained that this figure did not include all supplies and materials used. (*Id.*) Further, Island Roofing

6

has since supplemented that testimony with a declaration stating that "[t]he amount [it] actually and necessarily spent in repairing the Enclave's property totals $10,382,724.64[.]" (Doc. 118-5). So even if Empire's first point *was* correct, there is still be a genuine issue as to Island Roofing's costs. *See Pauly v. Hartford Ins. Co. of the Midwest*, No. 2:24-CV-874-SPC-NPM, 2025 WL 1677514, at *5 (M.D. Fla. June 13, 2025) (denying summary judgment where insurer and insured's actual cash value evidence conflicted); *Watson v. Geovera Specialty Ins. Co.*, No. 18-CIV-22270, 2019 WL 7937937, at *3 (S.D. Fla. Mar. 11, 2019) ("Where [w]idely-divergent estimates of covered repair costs create[] a genuine issue of material fact, summary judgment must be denied."); *Vazquez v. S. Fid. Prop. & Cas., Inc.*, 230 So. 3d 1242, 1243 (Fla. Dist. Ct. App. 2017).

Empire urges the Court to disregard the supplemental declaration for a few reasons. It first contends that Island Roofing is bound by the earlier deposition testimony. True, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003). But, as noted, the initial testimony was fuzzy and did not commit to a concrete figure.

7

Second, Empire contends that the ~$10.3 million figure in the affidavit is inflated and not supportable. This argument fares no better. It is not the Court's role at this stage to judge the evidence's credibility. *See Sconiers*, 946 F.3d at 1263 ("Summary judgment is not a time for fact-finding; that task is reserved for trial. . . . [I]f the only issue is one of credibility, the issue is factual, and a court cannot grant summary judgment."); *Pauly*, 2025 WL 1677514, at *5 ("As unbelievable as [Plaintiffs' expert's estimate] may seem to the Court, . . . the believability of his testimony is for the jury to decide."). So the fact that the affidavit is ultimately unbelievable has "no place at summary judgment where [the court's] function is not . . . to weigh the evidence." *United States v. Stein*, 881 F.3d 853, 858 (11th Cir. 2018). Island Roofing's declaration is therefore enough to avoid summary judgment. *See Jegpak Enter., LLC v. Great Lakes Ins. SE*, No. 23-81339-CV, 2024 WL 5263742, at *5 (S.D. Fla. June 11, 2024).

### b. Island Roofing's Motion

As an initial matter, Empire argues that Island Roofing's cross-motion should be denied as untimely. Though styled as a cross-motion, it substantively requests the Court to sua sponte enter summary judgment under Fed. R. Civ. P. 56(f)(1). (Doc. 118 at 10.) "[A] party may not move for summary judgment under Rule 56)(f)(1)." *Abreu v. EB & JB Corp.*, No. 14-23266-CIV, 2015 WL 12570946, at *1 (S.D. Fla. Dec. 8, 2015). Yet "courts have allowed parties to

8

rely on [Rule 56(f)(1)] in a response to a motion for summary judgment." *De Ford v. Koutoulas*, No. 6:22-CV-652-PGB-DCI, 2025 WL 1769714, at *3 (M.D. Fla. June 26, 2025). So the Court treats Island Roofing's filing as a request, not a motion, and will not deny it as untimely. *See Shaikh v. Cnty. of Mobile/Mobile Cnty. Comm'n(ers)*, No. CV 1:23-00196-KD-N, 2024 WL 3371323, at *2 (S.D. Ala. June 5, 2024) (treating plaintiff's filings according to its substance rather than style).

That said, the request fails. Though Rule 56(f)(1) allows courts to sua sponte "grant summary judgment for a nonmovant," it is entirely discretionary. *See Dyal v. Pinkston*, No. 3:17-CV-933-J-34JBT, 2020 WL 1433055, at *2 (M.D. Fla. Mar. 24, 2020); *Lugo v. Birmingham-Jefferson Cnty. Transit Auth.*, No. 2:22-CV-00362-ACA, 2025 WL 1287988, at *5 (N.D. Ala. Mar. 31, 2025). And doing so "is generally disfavored." *Doe v. Intermountain Healthcare, Inc.*, No. 2:18-CV-807-RJS-JCB, 2023 WL 5395526, at *30 (D. Utah Aug. 22, 2023); *see also FedEx Corp. v. United States*, 768 F. Supp. 3d 912, 926 (W.D. Tenn. 2025) ("Although the Court has discretion to grant summary judgment *sua sponte*, the practice is not encouraged."); *Jkis Invs. LLC v. Amguard Ins. Co.*, No. 4:22-CV-04126-SLD, 2025 WL 965721, at *4 (C.D. Ill. Mar. 31, 2025) ("While not encouraged, a district court can enter summary judgment sua sponte, or on its own motion, under certain limited circumstances."). Given the competing evidence about Island Roofing's

9

damages, "the Court declines to invoke its authority under Rule 56(f) to enter summary judgment for" either party here. *Monument Health, LLC v. Polaris Spine & Neurosurgery Ctr., P.C.*, No. 1:23-CV-00595-ELR, 2024 WL 5339455, at *5 (N.D. Ga. Nov. 6, 2024).

## IV. Conclusion

In sum, the policy here entitles Island Roofing to more than its costs. And even if it did not, a genuine dispute remains as to the amount Island Roofing actually and necessarily spent. Empire's motion (Doc. 117) is therefore **DENIED**. Island Roofing's self-styled cross-motion (Doc. 118) is similarly **DENIED** to the extent it is a cross-motion at all.

**ORDERED** in Fort Myers, Florida on January 16, 2026.

Kyle C. Dudek
United States District Judge