UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISLAND ROODING AND
RESTORATION LLC, a/a/o Enclave
at Naples Condominium
Association, Inc.,

      Plaintiff,

    v.

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant,

_____/

Case No. 2:21-CV-211-KCD-KRH

## ORDER

Before the Court are two motions. Defendant Empire Indemnity Insurance Company's motion to declare certain legal findings or, alternatively, for discovery to be reopened. (Doc. 138.)[1] Plaintiff Island Roofing and Restoration LLC's motion to confirm the appraisal award. (Doc. 139). As explained below, Empire's motion is **GRANTED in part** and **DENIED** in part. Island Roofing's motion is **DENIED**.

### I. Background

Almost a decade ago, Hurricane Irma ripped through southwest Florida. Pertinent here, it damaged a condominium complex governed by Enclave at

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Naples Condominium Association, Inc. (Doc. 16 ¶ 8.) Island Roofing was hired for the repair. (*Id.* ¶ 18.) It was paid Enclave's $2.5 million insurance policy deductible. (*Id.*) And it was assigned the "rights, benefits, and proceeds under" Enclave's policy with Empire. (*Id.*¶ 18.) Empire conceded coverage and confirmed the assignment. (Doc. 117-5 ¶ 7.) And Island Roofing eventually completed the repairs. (Doc. 117-3 at 70.) Then the bill came due.

After applying the policy's deductible, Empire paid Island Roofing $3,558,413.76. (Doc. 16 ¶ 23.) Island Roofing felt shortchanged, and an appraisal award later pegged the loss at $10,761,515.65 to replace the damaged property. (*Id.* ¶ 19-23, 25.) Yet Empire wasn't budging. (*Id.* ¶ 27.) Island Roofing thus sued Empire for breach of contract and sought declaratory judgments as to the policy's replacement-cost-value and appraisal provisions. (*Id.* ¶¶ 29-54.)

This Court has since issued a few key rulings. Island Roofing's motion to confirm the appraisal award was denied since the policy restricted recovery to "the amount it actually and necessarily spent in repairing" Enclave's property. *Island Roofing & Restoration LLC v. Empire Indem. Ins. Co.*, No. 2:21-CV-211-JLB-KCD, 2022 WL 4305922, at *7 (M.D. Fla. Sept. 19, 2022). And the record left it entirely unclear what Island Roofing had actually spent. We later clarified that this recoverable amount necessarily includes overhead and

profit. *Island Roofing & Restoration LLC v. Empire Indem. Ins. Co.*, No. 2:21-CV-211-KCD-DNF, 2026 WL 124105, at *2 (M.D. Fla. Jan. 16, 2026).

With trial approaching, Empire now insists that only legal questions remain. Island Roofing, for its part, takes another crack at having the appraisal award confirmed.

## II. Discussion

This case is going to trial. It is unclear how much Empire owes Island Roofing, and at this point, only a jury can put that issue to rest. The appraisal award cannot be confirmed since Island Roofing still needs to show what it "actually and necessarily" spent. And while discovery closed years ago, the Court will reopen it briefly for any further expert witnesses to be disclosed and deposed. The Court first discusses the remaining factual issues before dealing with the appraisal award and discovery.

### a. Island Roofing's Damages Are Factual, Not Legal, Questions

Empire first contends that Island Roofing's true hard costs total only $5,373,872.44. Empire's math is simple. It starts with the $5,861,484.44 that Island Roofing allegedly admitted to spending. (Doc. 138 at 12.) It then deducts $487,612, arguing that this sum represents Island Roofing's umpire and appraisal fees—expenses squarely excluded under the policy. (*Id.*) By Empire's logic, the appraisal award can thus be neatly capped right there, strictly limited to the hard costs shown so far.

The first part of this formula isn't new. Empire already argued at summary judgment that Island Roofing's expenses were locked in at $5,861,484.44. (Doc. 117 at 13.) But as explained earlier, "[t]he evidence of Island Roofing's expenses is unclear." *Island Roofing and Restoration LLC*, 2026 WL 124105, at *3. Island Roofing's corporate representative "explained that this figure did not include all supplies and materials used." *Id*. And thus the record remains uncertain as to what Island Roofing's out-of-pocket expenses were.

That said, Empire is right about the umpire and appraisal costs. The policy provides that "[e]ach party will . . . [p]ay its chosen appraiser" and "[b]ear the other expenses of the appraisal and umpire equally." (Doc. 16-1 at 44.) These expenses are thus off-limits. So to the extent Island Roofing intends on recovering them, these costs are clearly excluded under the policy. Those issues, however, will be dealt with through evidentiary objections and jury instructions since what Island Roofing actually and necessarily spent remains a question for the jury to decide. *See Citizens Prop. Ins. Corp. v. Tio*, 304 So. 3d 1278, 1279 (Fla. Dist. Ct. App. 2020) (affirming jury verdict awarding plaintiff replacement cost value damages).

Empire next insists that the amount of overhead and profit recoverable has been set by the appraisal award. Not so. "[T]he amount the insured is owed under an insurance policy will generally be a question of fact for the jury[.]"

4

*Prepared Ins. Co. v. Gal*, 209 So. 3d 14, 17 (Fla. Dist. Ct. App. 2016); *Weston v. Universal Prop. & Cas. Ins. Co.*, 425 So. 3d 638, 643 (Fla. Dist. Ct. App. 2025) ("[T]he cost to repair the damages to the home were factual disputes that should have been submitted to the jury[.]"). Overhead and profit necessarily folds into this. Accordingly, this amount is just as much a factual issue as any other aspect of Island Roofing's alleged damages. *See Tranquil Harbour Home Owners Ass'n, Inc. v. Wright Nat'l Flood Ins. Co.*, No. 5:20CV221-RH-MJF, 2023 WL 9326072, at *7 (N.D. Fla. May 22, 2023) (treating overhead and profit as a factual matter); *La Gorce Palace Condo. Ass'n, Inc. v. Blackboard Specialty Ins. Co.*, 586 F. Supp. 3d 1300, 1307 (S.D. Fla. 2022) (recognizing overhead and profit were factual issue).

What is more, Empire offers no authority suggesting otherwise. The only case it cites simply says that contractors' overhead and profit are "generally twenty percent." *See Goff v. State Farm Fla. Ins. Co.*, 999 So. 2d 684, 689 (Fla. Dist. Ct. App. 2008). That case still says nothing about whether the proper overhead and profit rate is strictly a legal question. Nor does it explain whether an appraisal award pegs that rate at an eventual trial. Accordingly, the amount of overhead and profit owed to Island Roofing will have to be decided by a jury.

### b. The Appraisal Award Cannot Be Confirmed

The Court previously concluded that the appraisal award could not be confirmed until Island Roofing establishes "the amount it actually and necessarily spent in repairing the property." *Island Roofing and Restoration LLC*, 2022 WL 4305922, at \*7. Little has changed since then. Island Roofing has not shown its entitlement to the full appraisal award since the amount it actually and necessarily spent is up for debate.

Island Roofing tries to fill this evidentiary gap with its sworn proof of loss. (Doc. 139 at 7.) But that argument misses the mark. To be sure, a proof of loss might do a perfectly fine job of showing the scope of damage. Proving the extent of damages, however, is not the same thing as proving what was actually spent. As Empire points out, the proof of loss is based on documents prepared "nearly a year before the project was complete." (Doc. 148 at 2-3.)So whatever else the proof of loss might accomplish, it does not close the book on Island Roofing's expenditures in the sense needed here.

Against this backdrop, the appraisal award still cannot be confirmed. *See id.; Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Inc.*, 117 So. 3d 1226, 1230 (Fla. Dist. Ct. App. 2013); *People's Tr. Ins. Co. v. Espana*, 320 So. 3d 940, 944 (Fla. Dist. Ct. App. 2021).

### c. Discovery

Empire alternatively asks that discovery be reopened. Specifically, it wants to disclose an expert witness who will testify about the reasonable rate of overhead and profit.

Federal Rule of Civil Procedure 26 governs expert witness discovery. "It is designed to prevent litigation by surprise and ensure each party can prepare their case adequately." *Dero Roofing, LLC v. Triton, Inc.*, 344 F.R.D. 566, 571 (M.D. Fla. 2023). This demands parties disclose each expert they may call at trial "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Since the disclosure and discovery deadlines passed years ago, Empire must show that its delay was "substantially justified or harmless." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008).

Courts have "broad discretion" in determining harmlessness. *Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 616CV2001ORL31GJK, 2018 WL 3059995, at *6 (M.D. Fla. May 31, 2018). "In considering whether a Rule 26(a)(2) violation is harmless, five factors are typically weighed: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the

non-disclosing party's explanation for its failure to disclose the evidence." *Dero Roofing, LLC*, 344 F.R.D. at 574.

Empire's reasons for missing the deadline are questionable. It apparently believed overhead and profit was off the table given its own novel (and incorrect) interpretation of its policy. It also says it relied on the appraisal award's overhead and profit rate—despite its own active resistance to that award's confirmation. Neither explanation is particularly reasonable.

Still, all other factors favor harmlessness. Island Roofing will not suffer any substantial surprise because the Court will allow it to depose Empire's expert and disclose its own should it like. *See Wainey v. United States*, No. 2:20-CV-969-SPC-NPM, 2022 WL 7026460, at *4 (M.D. Fla. Oct. 12, 2022); *Warfield v. Stewart*, No. 2:07CV332-FTM-33SPC, 2009 WL 1515741, at *3 (M.D. Fla. June 1, 2009) ("Defendants will not [be] prejudiced by the late filing because they have the opportunity and the time to depose [the expert witness] on his findings."); *Ellison v. Windt*, No. 6:99-CV-1268-ORLKRS, 2001 WL 118617, at *3 (M.D. Fla. Jan. 24, 2001) (finding the expert witness's belated disclosure harmless given that opposing party would have opportunity depose him pretrial). Any disruption will be minimal since no trial date has been set. *See Thornton v. United States*, No. CV 111-106, 2013 WL 443666, at *9 (S.D. Ga. Feb. 5, 2013). And evidence regarding overhead and profit owed to Island Roofing will likely be a major feature of the trial. Empire's noncompliance with

Rule 26 is thus harmless. The Court will allow Empire and Island Roofing thirty days to disclose any further experts on the issue of overhead and profit, after which each party will have thirty days to depose those witnesses.

### III. Conclusion

Only factual issues remain here. Island Roofing's hard costs are uncertain. The same goes for its overhead and profit. The appraisal award cannot be confirmed unless Island Roofing shows the amount it actually and necessarily spent repairing Enclave's property aligns with that award, which has not been done. This case thus needs a trial.

Discovery will be reopened briefly for the parties to disclose any further expert witnesses who will testify about the appropriate amount of overhead and profit. The Court will then set this case for trial on the remaining issue of what Island Roofing "actually and necessarily spent in repairing" Enclave's property. *Island Roofing and Restoration LLC*, 2022 WL 4305922, at *7.

Island Roofing's Motion to Confirm Appraisal Award (Doc. 139) is thus **DENIED**. Empire's Omnibus Motion (Doc. 138) is **GRANTED in part** only insofar as its discovery request is concerned. In all other respects, Empire's motion is **DENIED**.

**ORDERED** in Fort Myers, Florida on July 17, 2026.

Kyle C. Dudek
United States District Judge